FILED-APR 18  2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES BEDSOLE,

        Petitioner,         Civil No. 07-118-CL

       v.                    FINDINGS AND
                              RECOMMENDATION

LANE COUNTY SHERIFF
RUSSEL E. BURGER,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging convictions for "assult (sic), harassment and trespassing" for which he received a sentenced of "90 days." Petition (#1) p. 1.

1 - FINDINGS AND RECOMMENDATION

There were a number of defects in petitioner's petition. Therefore, by Order (#6) entered March 5, 2007, petitioner was ordered to file an amended petition correcting the deficiencies set forth in the court's order or to show cause why his petition should not be denied for failure to state a claim cognizable under 28 U.S.C. §2254.

In a letter to the court received March 6, 2007, petitioner set forth the "requested corrections to [his] petition." Petitioner's "corrections" fail to correct the deficiencies set forth in the court's order or to show cause why the petition should not be denied and dismissed pursuant to 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings (permitting summary dismissal of petition).

1. <u>Grounds for relief:</u> In order to state a claim under 28 U.S.C. § 2254, petitioner must alleged that he is in custody in violation of the constitution or laws of the United States.

Petitioner did not alleged the grounds upon which he is challenging his convictions or sentence. The attachments to the petition indicate that petitioner previously filed a petition under 28 U.S.C. § 2254 which was dismissed without prejudice. However, petitioner may not incorporate that petition by reference. He must specifically allege the

2 - FINDINGS AND RECOMMENDATION

grounds upon which he seeks relief in this proceeding.

The court's previous order advised petitioner that in order to state a claim, it was necessary to specifically allege a factual and legal basis for his claim. However, petitioner's "corrections" do not constitute compliance with the court's order in this regard.

2. <u>Statute of limitations:</u>  Petitioner was advised that the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a limitations period for filing federal habeas corpus petitions.  Under § 2244(d), a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus petition.  The one year limitations period is tolled during the time state collateral proceedings are pending.  In addition, the AEDPA's limitations period may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time.  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2241(d)(1) limitations period, a petitioner must demonstrate that extraordinary circumstances beyond the prisoner's control made it impossible to file the petition on time.  <u>Allen v Lewis</u>, 255 F.3d 798, 799 (9th Cir. 2001); <u>see also</u>, <u>Green v.</u>

3 - FINDINGS AND RECOMMENDATION

White, 223 F.3rd 1001, 1003 (9th Cir. 2000).

Petitioner has not alleged the date of his convictions. The attachments to petitioner's original petition indicate that petitioner is challenging a conviction that occurred prior to November 19, 2003.[1] Thus, based on the record before the court, absent allegations to support tolling based on state collateral proceedings or equitable tolling based on "extraordinary circumstances," petitioner's claim is time barred.

The dates petitioner alleges in connection with his exhaustion of remedies "argument" indicate that petitioner's state post-conviction proceeding was dismissed April 19, 2002. This date indicates that petitioner's federal claims are time barred and tolling based on pending state collateral proceeding does not apply to save petitioner's claims.

Petitioner alleges that "because of inadequate counsel [his] petition was not filed as [he] requested." However, the Ninth Circuit has held that an attorney's "miscalculation of the limitations period ... and his negligence in general do not constitute extraordinary circumstances sufficient to

---

[1]. The date petitioner's filed his previous § 2254 petition.

4 - FINDINGS AND RECOMMENDATION

warrant equitable tolling." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002).

3. Exhaustion of state remedies:   A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error."   Vasquez v. Hillary, 474 U.S. 254 (1986); see also, Duncan v. Henry, 513 U.S. 364 (1995). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986).

5 - FINDINGS AND RECOMMENDATION

In this case petitioner alleges that his direct appeal was denied in October 2003 and that the Oregon Supreme Court denied review. Petitioner further alleges that his state post-conviction proceeding was dismissed April 19, 2002.

Petitioner has not alleged the claims or issues raised in the state proceedings and therefore, it is not possible to determine whether petitioner has satisfied the exhaustion requirement.

4. <u>In custody:</u> A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. <u>See</u>, 28 U.S.C. §§ 2241(c), 2254(a), 2255.; <u>see also</u>, <u>Chacon v. Wood</u>, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. <u>See</u>, <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 351 (1973) (release prior to service of sentence); <u>Jones v. Cunningham</u>, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the

6 - FINDINGS AND RECOMMENDATION

petitioner is serving the second of consecutive sentences. See, Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); Malenge v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).

In this case, petitioner seeks to challenge a 90 day sentence apparently imposed prior to November 19, 2003 [the date petitioner filed his previous § 2254 petition]. Thus it appears from the record before the court that petitioner's sentence has been completely served or has expired. Thus even if petitioner is presently in custody, it does not appear that petitioner is in custody for purposes of challenging the conviction he seeks to challenge in this proceeding.

Conclusion: Based on all of the foregoing, petitioner's petition (#1) as clarified and supplemented by his letter to the court received April 6, 2007, should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this

7 - FINDINGS AND RECOMMENDATION

recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this _____ day of April, 2007.

_____
Mark D. Clarke
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION